S. H. TROXLER, v. SOUTHERN RAILWAY COMPANY.

(Decided May 26th, 1898.)

*Action for Damages—Railroad—Negligence—Defective Appliances—Injury to Employee.*

Where, in the trial of an action by a brakeman against the railroad company, in whose service he was employed, for damages for personal injuries, it appeared that, while attempting to couple two freight cars of unequal height whose drawheads were skeletons and one

of them was so open that the link would not go in except in a
slanting direction which made it necessary for him to put in his
hand and reach over the deadblocks in order to make the coupling,
his hand was crushed; and it also appeared that the failure of a
fellow brakeman to do his duty contributed to the accident;
*Held*, that the railroad was negligent in using defective and
dangerous drawheads, and that the true question was not
whether the plaintiff was injured by a fellow-servant but whether
the injury was caused by the defective appliances for coupling
the cars.

CIVIL ACTION tried before *Robinson, J.*, and a jury
at January, 1898, Special Term of GUILFORD Superior
Court. The facts appear in the opinion. Upon the
close of the evidence the defendant moved to dismiss
the action and upon an intimation from his Honor that
the plaintiff could not recover, the plaintiff submitted
to a non-suit and appealed.

*Messrs. C. M. Stedman* and *Schenck & Schenck*, for
plaintiff (appellant.)
*Mr. F. H. Busbee*, for defendant.

MONTGOMERY, J.; The plaintiff was a brakeman in
the employment of the defendant company. At Stoke-
land a car, the eighth or ninth from the engine, was
taken from the train and set off on the side track, and,
in an effort to couple the two cars uncoupled in the set-
ting off of the one on the side track, the plaintiff was
injured. His account, as a witness in the case, of the
injury, was as follows: "We came back to couple the
train on the main line. I entered the link with a stick
on the S. C. I. L. car that was on the main line. As I
entered the link, on account of the skeleton draw-head,
the link got cross ways in the head and the pin failed
to go down and there were dead blocks on each side of
the draw head, and I could not get the link below the

dead blocks.   I had to run my hand over the dead block. I got hold of the pin in order to straighten the link to get the pin down.   As I got hold of the pin, the slack rolled out of the rear part of the train and the rebound caught my hand between the deadblocks.   It mashed my right hand so it had to be taken off."   Harvey, another brakeman was along on the same train, and the plaintiff testified substantially that the injury was caused by a failure on the part of Harvey to perform his duty.   His Honor, being of opinion at the close of the plaintiff's evidence that he could not recover, because he was injured by the negligence of a fellow servant, intimated his purpose to so instruct the jury. Upon which, the plaintiff took a non-suit and appealed.

We think that His Honor was in error in the course he took.   The plaintiff testified (and his evidence must be taken as true) that these cars belonged to different railroad systems; that one of them was higher than the other, and that made it necessary to raise or lower the link in coupling; that the draw-heads on both cars were *skeletons and that one of them was so open* that the link would go in slanting and make it necessary to put in the hand, and that the dead-blocks were so arranged as to make it necessary to reach over them.   The true question in the case then was not whether the plaintiff was injured by a fellow servant but whether he was injured by the defective appliances with which the coupling of the cars was to be made.   We have no hesitancy in deciding that the defendant was negligent in that it was using draw-heads on its cars that were defective and dangerous.   It was the defendant's duty to furnish safe appliances.

There was error in the respect pointed out for which there must be a new trial.                        New trial.